IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CEFALU,<br>        Plaintiff,<br>    v.<br>ERIC HOLDER,<br>        Defendant. | Case No. 12-0303 TEH (JSC)<br><br>**ORDER RE: DEFENDANT'S MOTION FOR ADDITIONAL DEPOSITION TIME (DKT. NO. 45)** |

Plaintiff, a former employee of the federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), makes age and disability discrimination claims, as well as claims alleging retaliation. Now pending before the Court is Defendant's motion to take 11 hours of Plaintiff's deposition in addition to the 6.5 hours taken in September 2012. (Dkt. No. 45.) After carefully considering the parties' written arguments, and having reviewed the pleadings in the case, the Court concludes that oral argument is not necessary, *see* Civ. L. R. 7-1(b), and grants Defendant an additional day (7 hours) of deposition time.

## BACKGROUND

In connection with the allegations in this action, Plaintiff filed three EEO complaints: a February 2, 2006 complaint, an August 4, 2008 complaint, and a January 30, 2012 complaint. According to Defendant, the EEO investigative report itself is several hundred pages. In 2007,

1 in connection with the EEOC proceedings, Defendant deposed Plaintiff. Plaintiff subsequently
2 filed this action in 2012. Plaintiff's Second Amended Complaint contains 176 paragraphs and
3 challenges conduct from 2006 through Plaintiff's termination in October 2012. He alleges
4 discrimination based on age and disability, as well as retaliation and contends that
5 Defendant's conduct has led to severe psychological and emotional distress.

6 Defendant took Plaintiff's deposition on September 20, 2012 for 6.5 hours. Defendant
7 seeks an additional 11 hours of deposition time based on the breadth of the allegations in this
8 case, the production of documents since his deposition, and the addition of new allegations in
9 the Second Amended Complaint. Plaintiff has offered to sit for an additional one hour of
10 deposition time to cover the additional allegations in the Second Amended Complaint.

## DISCUSSION

Federal Rule of Civil Procedure 30(d) limits depositions to 1 day of 7 hours. Fed. R. Civ. P. 30(d)(1). Upon request, however, a "court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." *Id.* The Court finds that additional time is required. This case is not a typical employment discrimination lawsuit with a single adverse employment action during a limited time period; instead, Plaintiff alleges multiple adverse employment actions and a plethora of retaliatory actions, in addition to failures to accommodate alleged disabilities and age discrimination. Additional time is warranted based on the sheer volume and nature of Plaintiff's allegations. Plaintiff offers no support for his assertion that Defendant is not entitled to additional time merely because Defendant deposed Plaintiff as part of the EEO proceedings in 2007. In any event, many of the allegations in the Second Amended Complaint, including Plaintiff's termination, occurred after Plaintiff's 2007 deposition which is why Plaintiff needed to file EEO complaints in 2008 and 2012.

In addition, Plaintiff produced scores of documents, including his medical records, after his September 20 deposition and Defendant must be given the opportunity to question Plaintiff about these documents. Plaintiff's insistence that Defendant should have waited to depose him until after the document production is not persuasive; since Defendant used 6.5 hours of deposition time without the documents he could not have adequately deposed

2

Plaintiff about the documents during a single 7 hour deposition. Given the breadth and time span of Plaintiff's allegations, it is not reasonable to expect that Defendant could have completed Plaintiff's deposition in one day.

Finally, Plaintiff concedes that Defendant should be allowed to depose him on the new allegations in the Second Amended Complaint. Thus, the dispute is not whether Plaintiff should have to sit for another deposition; the dispute is about how long.

Plaintiff's reliance on *Somersest Studios, LLC v. School Specialty, Inc.*, 2011 WL 4344596 (N.D. Cal. Sep. 14, 2011) is unavailing. The court noted that "the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period. If the parties cannot reach a stipulation, then Court intervention may be sought." *Id.* at *5 (internal quotation marks and citation omitted). That practice was followed here. Having taken Plaintiff's deposition, Defendant seeks additional time to depose Plaintiff on issues not covered in the September deposition.

## CONCLUSION

For the reasons explained above, the Court finds that Defendant requires more time to fairly examine Plaintiff. While Defendant seeks 11 hours, he does not explain how he derived that number. He also does not explain why he did not use the full seven hours in Plaintiff's first deposition if, as he contends, seven hours was not even enough time to depose Plaintiff on the allegations in the First Amended Complaint. The Court finds that two full days of deposition, for a total of 14 hours, is sufficient to fairly examine Plaintiff, especially in light of the previous EEO deposition. While Defendant may not be able to ask Plaintiff every question of which he could imagine, it is enough time to develop a record such that Defendant can fairly defend himself. Accordingly, Defendant is entitled to one additional day of 7.5 hours, unless the parties agree otherwise.

This Order disposes of Docket No. 45.

1     **IT IS SO ORDERED.**

2     Dated:  Nov. 26, 2012

3                                                                    _____
4                                                                    JACQUELINE SCOTT CORLEY
                                                                     UNITED STATES MAGISTRATE JUDGE

4