IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CEFALU,<br><br>        Plaintiff,<br><br>    v.<br><br>ERIC HOLDER,<br><br>        Defendant. | Case No. 12-0303 TEH (JSC)<br><br>**ORDER RE: DEPOSITION OF WILLIAM MCMAHON (DKT. NO. 46)** |

    Plaintiff, a former employee of the federal Bureau of Alcohol, Tobacco and Firearms ("ATF"), makes age and disability discrimination claims, as well as claims alleging retaliation. Now pending before the Court is Plaintiff's motion to take the deposition of William (Bill) McMahon, a senior ATF official. (Dkt. No. 46.) Mr. McMahon, who currently resides in the Philippines, was purportedly involved in the decision to terminate Plaintiff's employment.

    Having carefully considered the parties' written arguments, the Court concludes that oral argument is not necessary, *see* L.R. 7-1(b), and GRANTS Plaintiff's motion to compel. Defendant offered Mr. McMahon for deposition on three dates in November 2012 on which Plaintiff's counsel was unavailable and does not offer any persuasive argument as to why he should not be required to find a mutually convenient date. Defendant has not moved for a

protective order to prevent Mr. McMahon's deposition and, in any event, has not demonstrated that Mr. McMahon is not a percipient witness to events at issue in this lawsuit. Further, if Defendant's offer of three dates in November was made in good faith, Defendant must have had the logistics in mind, that is, how Plaintiff could depose Mr. McMahon in the Philippines. Again, Defendant offers no persuasive reason as to why he should not meet and confer with Plaintiff to work out the logistics. Accordingly, Defendant is ordered to cooperate with Plaintiff to find a mutually convenient date for Mr. McMahon's deposition along with the best available means for taking his deposition.

This Order disposes of Docket No. 46.

**IT IS SO ORDERED.**

Dated: November 26, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE