IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CEFALU,<br><br>       Plaintiff,<br><br>   v.<br><br>ERIC HOLDER,<br><br>       Defendant. | Case No. 12-0303 TEH (JSC)<br><br>**ORDER RE: DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DKT. NO. 44)** |

Plaintiff, a former employee of the federal Bureau of Alcohol, Tobacco and Firearms ("ATF") makes age and disability discrimination claims, as well as claims alleging retaliation. Now pending before the Court is Defendant's motion to compel the production of documents. (Dkt. No. 44.) Having carefully considered the parties' written arguments, the Court concludes that oral argument is unnecessary, see Civ. L.R. 7-1(b), and GRANTS Defendant's motion in part and DENIES Defendant's motion in part as set forth below.

**A. Plaintiff's medical records**

Within one week of the date of this Order, Plaintiff shall provide Defendant with signed releases for Defendant's subpoena of Plaintiff's medical records.

### B. Plaintiff's web-based writings about his employment

Plaintiff represents that he has produced all responsive documents in his possession so it is unclear to the Court as to what documents Defendant seeks. It may be that Defendant seeks some authentication from Plaintiff as to which web postings he wrote, authentication which would come from Plaintiff actually reviewing his web postings and providing them to Defendant. If so, the parties should meet and confer on the best method for providing Defendant with such identification and authentication. For example, Plaintiff could provide Defendant with a stipulation of all of his postings and their dates.

### C. Plaintiff's manuscripts about his employment

Plaintiff represents that he has produced all responsive documents in his possession. Plaintiff, of course, is required to produce all documents in his possession, custody or control, *see* Fed. R. Civ. P. 34(a)(1), and Plaintiff does not represent that additional responsive documents are not in his custody or control. To the extent they are, Plaintiff must produce them within seven days of this Order.

### D. Plaintiff's email correspondence

Plaintiff again contends that he has produced all responsive documents; in other words, he is representing that he does not have any responsive personal email correspondence with the individuals on his Rule 26 witness list for which he has not produced any email. In the absence of any evidence that Plaintiff's representation is untrue, there is nothing for the Court to order.

### E. Plaintiff's Facebook page

Defendant apparently seeks all of Plaintiff's postings on his Facebook page, including any photographs and videos. Plaintiff responds that Plaintiff's Facebook page is entirely public and is therefore equally accessible to Defendant. Defendant does not address this contention. As it is unclear what Defendant seeks in light of Plaintiff's representation, the motion to compel Plaintiff's Facebook postings is denied.

This Order disposes of Docket No. 44.

1    **IT IS SO ORDERED.**

2    Dated: November 26, 2012

3    _____
     JACQUELINE SCOTT CORLEY
4    UNITED STATES MAGISTRATE JUDGE