IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CEFALU,<br><br>    Plaintiff,<br><br>  v.<br><br>ERIC HOLDER,<br><br>    Defendant. | Case No. 12-0303 TEH (JSC)<br><br>**ORDER RE: FINAL DISCOVERY LETTER BRIEFS (Dkt. Nos. 80, 82, 83, 84, & 85)** |

Now pending before the Court are three discovery letter briefs filed by Defendant seeking to compel certain discovery from Plaintiff (Dkt. Nos. 82, 83 & 84) and two discovery letter briefs filed by Plaintiff (Dkt. No. 80 & 85). The parties each seek to compel responses to pending Requests for the Production of Documents ("RFP") or Interrogatories. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and rules as follows.

**1. Defendant's Motion to Compel Responses to RFP No. 87 (Dkt. No. 82)**

Defendant requests that the Court order Plaintiff to produce the hard drives of his personal computers for forensic inspection, or alternatively, order Plaintiff's counsel to perform an independent search of Plaintiff's computer and other electronic devices. (Dkt. No. 82.) Defendant contends that such order is necessary because "the history of this case provides little assurance to Defendant that an adequate search has ever been conducted for

1 discovery materials in this case, and there is ample reason to believe that discoverable
2 materials are located on Plaintiff's personal computers." (Dkt. No. 82, p. 2.)  In particular,
3 Defendant references a manuscript drafted by Plaintiff regarding his experiences as an ATF
4 Special Agent which was produced in discovery, and a prior discovery dispute regarding
5 production of Plaintiff's emails wherein Defendant questioned the adequacy of Plaintiff's
6 search of his email; it was only after multiple meet and confers that Plaintiff's counsel
7 agreed to conduct an independent search of Plaintiff's email which then yielded more
8 responsive documents.  (Dkt. Nos. 49 & 54.)   Further, it was only after meet and confer
9 regarding other discovery requests that Plaintiff's counsel indicated that she had never
10 examined the contents of Plaintiff's personal computer to determine if there were documents
11 responsive to discovery requests on Plaintiff's personal computer.  Defendant thus contends
12 that he must be allowed to conduct a forensic examination of Plaintiff's computer himself to
13 verify that responsive documents have been produced, or alternatively, the Court should
14 order Plaintiff's counsel to do so.

15   Federal Rule of Civil Procedure 34 permits a party to seek "to inspect, copy, test, or
16 sample," among other things, "data or data compilations ... stored in any medium ...."
17 However, the Advisory Committee noted that Rule 34 "is not meant to create a routine right
18 of direct access to a party's electronic information system, although such access might be
19 justified in some circumstances."  Federal Rule of Civil Procedure 26 likewise limits the
20 scope of discovery, specifically stating that a party "need not provide discovery of
21 electronically stored information from sources that the party identifies as not reasonably
22 accessible because of undue burden or cost." Fed.R.Civ.P. 26(b)(2)(B).  If a party
23 demonstrates that the information is not reasonably accessible because of undue burden or
24 cost, "the court may nonetheless order discovery from such sources if the requesting party
25 shows good cause, considering the limitations of Rule 26(b)(2)(C)." *Id*.  Because personal
26 computers contain highly personal and sensitive material courts generally require a
27 heightened showing of good cause. *See Memry Corp. v. Kentucky Oil Tech., N.V.*, No. 04-
28 03843, 2007 WL 832937, at *3 (N.D. Cal. Mar. 19, 2007) (collecting cases which presented

"extreme situations" justifying mirror imaging of a party opponent's computer); *Advante Int'l Corp. v. Mintel Learning Tech.*, No. 05-01022, 2006 WL 3371576, at *1 (N.D. Cal. Nov. 21, 2006) (granting request for forensic inspection following a showing that "serious questions exist both as to the reliability and the completeness of materials produced in discovery").

Here, Defendant has failed to demonstrate sufficient good cause to warrant the extreme step of allowing him to conduct a forensic inspection of Plaintiff's personal computer or other electronic devices. He does not identify any particular document, or even subject, which he has reasonable cause to believe exists but that Plaintiff has not produced. The history of Plaintiff's document production, however, suggests that he may not fully understand his search obligations, and that it is only after Plaintiff's counsel's involvement that all responsive documents are produced. Accordingly, Defendant's motion to compel is GRANTED insofar as Plaintiff's counsel is ordered to ensure that all responsive documents located on Plaintiff's personal computer and related electronic devices have been produced.

**2. Defendant's Motion to Compel Responses to RFP No. 86 (Dkt. No. 83)**

Defendant requests that the Court order Plaintiff to produce photographs of each gun or firearm that is currently in Plaintiff's possession and that he owned in or around June 2006. Defendant contends that this evidence is relevant to refute Plaintiff's claim that he suffered damages when ATF took away his agency-issued firearm; Defendant claims that this allegation of harm is undermined by Plaintiff's possession of personal firearms at this time. Plaintiff objects to Defendant's request as harassing and overly prejudicial. The Court agrees. Plaintiff testified at deposition that during the time when he did not have his agency-issued firearm in 2006 he personally owned seven to eight weapons. (Dkt. No. 83, Ex. B 94:9-95:11.) Further, "Plaintiff concedes that he would be able to protect himself *at home* after his ATF-issued firearm was confiscated." (Dkt. No. 83 at 3.) In light of Plaintiff's testimony and his concession, the evidence sought by Defendant is unnecessary. Defendant's motion to compel is therefore DENIED.

### 3. Defendant's Motion to Compel Responses to RFP No. 68 (Dkt. No. 84)

Defendant requests that the Court order Plaintiff to produce photographs of himself with other ATF Special Agents and employees during the relevant time period. (Dkt. No. 84.) Defendant contends that this evidence is relevant to Plaintiff's claims of emotional distress and to show his "personal interactions with his colleagues at ATF, which are related to the legitimate and nondiscriminatory reasons for the discipline Plaintiff has received, namely, his poor work performance, insubordination, and inappropriate behavior." (Dkt. No. 84, p. 2.) In particular, Defendant claims that without the photographs it "will have little to counterbalance Plaintiff's unilateral testimony about how much he claims to have suffered during the relevant period of this lawsuit." (*Id*.) Plaintiff objects to producing this evidence as burdensome, lacking in probative value, and cumulative.

The broad swath of photographic evidence Defendant seeks is of marginal probative value at best. This marginal probative value is disproportionate to the burden on Plaintiff of searching thousands of photographs for those sought by Defendant. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court is not persuaded that the photographs have any relevance to demonstrate Plaintiff's poor work performance, insubordination, or the inappropriate behavior that led to the agency imposed discipline. Moreover, Defendant can presumably obtain photographs from other sources including his agency's own photographs and through Plaintiff's public Facebook profile. Defendant's motion to compel is therefore DENIED.

### 4. Plaintiff's Motion to Compel Responses to Interrogatory Nos. 19 & 20 (Dkt. No. 80)

Plaintiff seeks to compel further responses to Interrogatory Nos. 19 & 20 which seek additional information regarding Plaintiff's "transfers." Defendant objected to the interrogatories as containing multiple subparts in violation of Federal Rule of Civil Procedure 33(a), but nonetheless responded citing to declarations, depositions, and documents produced in this action pursuant to Rule 33(d). Plaintiff contends that Defendant's citation to deposition testimony, declarations, and documents is improper and the responses are "insufficient."

A party's response to an interrogatory may refer to business records or abstracts only "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. Pro. 33(d). "A requesting party claiming an inappropriate use of Rule 33(d) must make a prima facie showing that the use of Rule 33(d) is somehow inadequate, whether because the information is not fully contained in the documents or because it is too difficult to extract." *RSI Corp. v. Int'l Bus. Machines Corp.*, No. 08-CV-3414, 2012 WL 3095396, at *1 (N.D. Cal. July 30, 2012) (internal citations and quotations omitted). The burden then shifts to the responding party to show that "(1) a review of the documents will actually reveal answers to the interrogatories; and (2) the burden of deriving the answer is substantially the same for the party serving the interrogatory as for the party served." *Id*. (internal citation omitted.) In *RSI*, although neither party submitted the records themselves, the moving party submitted a "detailed declaration explaining why each response [wa]s deficient" which specifically showed "why the records referenced are difficult or impossible for RSI to understand." *Id*. at *2.

Here, neither party has submitted any of the documents cited in response to Interrogatory Nos. 19 or 20 nor has Plaintiff provided a declaration or any specific information in the letter brief itself regarding why the cited material is inadequate. Rather, Plaintiff simply asserts that the responses are "insufficient" and that Plaintiff will be at a disadvantage if Defendant moves for summary judgment and asserts a new theory as to why it transferred Plaintiff. This is wholly insufficient to challenge Defendant's citation to deposition testimony, declarations, and documents pursuant to Rule 33(d). Accordingly, Plaintiff's motion to compel further responses to Interrogatory Nos. 19 and 20 is DENIED.

**5. Plaintiff's Motion to Compel Responses to RFP Nos. 21 & 37 (Dkt. No. 85)**

Although Plaintiff's second discovery letter brief (Dkt. No. 85) is untimely and Plaintiff did not request leave to file the brief late, Defendant has indicated that he does not object to the Plaintiff's untimely filing. The Court has therefore considered Plaintiff's request for (1) complete copies of the cellular phone records for Plaintiff's government issued cellular phone from January 2004-December 2006 (RFP No. 37); and (2) copies of the

5

cellular phone records of Chris Bort, Arthur Peralta, Michael Gleysteen, and Dennis Downs from January 2004-December 2006 (RFP No. 21).

With respect to the first category, Defendant has agreed to produce all of Plaintiff's phone records for his government issued cellular phone going back to 2007. Defendant represents that any phone records preceding this date are not in Defendant's possession as its independent contractor, WidePoint Corporation, which provides wireless telecommunication expense management services to ATF, does not possess records beyond this date. Further, according to Defendant, it would require a subpoena to obtain earlier phone records from the prior wireless carrier(s). The Court will not require Defendant to subpoena a third-party for pre-2007 phone records. The burden on Defendant of doing so would far outweigh any probative value this evidence might have, especially as Defendant has produced all of Plaintiff's time records which should likewise demonstrate that Plaintiff was indeed working during the critical time periods alleged in the Second Amended Complaint. Moreover, discovery is closed. The time for subpoenaing additional evidence has run.

As for the phone records of other ATF special agents, Plaintiff contends this evidence is relevant because these are the individuals with whom he would have been in frequent contact during the relevant time period and the documents will "show the productivity and level of engagement of Plaintiff in two critical operations which are part of his [claims]." (Dkt. No. 85, p. 2.) Defendant has determined that WidePoint Communications (the same independent contractor as referenced above) only has responsive documents as follows: Special Agent Chris Bort: none, Special Agent Arthur Peralta: March 2006-December 2006, Resident Agent in Charge Dennis Downs: June 2006 to December 2006, and Assistant Special Agent in Charge Michael Gleysteen: August 2005-December 2006. As with Plaintiff's phone records, the Court will not require Defendant to subpoena additional documents from the wireless provider.

Defendant objects to producing the phone records of the identified ATF personnel on multiple bases, including because any probative value of the records themselves is outweighed by the substantial privacy concerns raised by producing the phone records of

Plaintiff's colleagues, which would reflect the telephone numbers of personal contacts, confidential informants, and a host of other individuals who have nothing to do with the claims herein. Plaintiff dismisses these privacy concerns out of hand suggesting that the records could be designated as confidential under the protective order; however, for the same reason a simple confidentiality designation is not sufficient to ameliorate Plaintiff's privacy concerns with respect to all the information on this personal computer, it is likewise insufficient to protect the private confidential phone numbers of any family or friends whose numbers may appear on the phone records. Further, as Plaintiff only seeks the records to show that he was actively involved in the investigations, the only phone numbers on those phone records with any probative value are his own. Accordingly, Plaintiff's motion to compel is GRANTED in part. Defendant shall produce the available phone records for the identified individuals redacting all phone numbers except those which belonged to Plaintiff during the relevant time period.

## CONCLUSION

Based on the foregoing, (1) Defendant's motion to compel a response to RFP No. 87 (Dkt. No. 82) is GRANTED in part; (2) Defendant's motion to compel a response to RFP No. 86 (Dkt. No. 83) is DENIED; (3) Defendant's motion to compel a response to RFP No. 68 (Dkt. No. 84) is DENIED; (4) Plaintiff's request to compel further responses to Interrogatory Nos. 19 & 20 (Dkt. No. 80) is DENIED ; and (5) Plaintiff's request to compel cellular phone records (Dkt. No. 85) is GRANTED in part. All discovery ordered herein is due by August 16, 2013 unless the parties agree otherwise.

This Order disposes of Docket Nos. 80, 82, 83, 84, 85 and 111.

**IT IS SO ORDERED.**

Dated: August 12, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE