United States District Court

For the Northern District of California

1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

8    VINCENT A. CEFALU,

9                          Plaintiff,                    NO. C12-0303 TEH

10                v.                                      ORDER RE: DEFENDANT'S
                                                         MOTION FOR SUMMARY
11   ERIC H. HOLDER, JR., U.S. Attorney                  JUDGMENT
     General, U.S. Department of Justice,
12
                          Defendant.
13

14

15          The parties shall be prepared address the questions below, with specific citations to

16   the record where appropriate, at the September 9, 2013 hearing on Defendant's motion for

17   summary judgment.  In addition, Defendant has correctly observed that Exhibits 1-27

18   attached to Plaintiff's opposition have not been properly authenticated.  Accordingly, IT IS

19   HEREBY ORDERED that Plaintiff's counsel shall file a declaration authenticating these

20   exhibits prior to the September 9, 2013 hearing.

21

22   **Question for both parties**

23   1.     Because the ADA Amendments Act of 2008 does not apply retroactively, *Becerril v.*

24          *Pima Cnty. Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009), Plaintiff's

25          Rehabilitation Act claim must be analyzed under the more rigorous pre-2008 standard

26          for evaluating whether an individual has a disability.  Under that standard, can and do

27          the parties stipulate that Plaintiff was disabled within the meaning of the ADA, or

28          does the Court need to analyze whether Plaintiff was disabled following the

framework used in *Walton v. U.S. Marshals Service*, 492 F.3d 998 (9th Cir. 2007)?  If the latter, what evidence supports a finding that Plaintiff was disabled?

**Questions for Plaintiff**

2.      You failed to address Defendant's argument that compensatory damages are not permitted for retaliation under the Rehabilitation Act.  Do you concede that summary judgment would be proper on this issue?

3.      What evidence supports your contention that Plaintiff was performing his job satisfactorily and was replaced by a substantially younger employee with equal or inferior qualifications?

4.      If the Court finds that the ability to carry a firearm is an essential function of the ATF special agent position, would you agree that Plaintiff is not a "qualified individual" under the Rehabilitation Act?

5.      Why wasn't the intelligence analyst position a reasonable accommodation?

**Questions for Defendant**

6.      Your motion failed to address the assertion in your notice of motion that Plaintiff's claims were not timely filed.  Do you concede that timeliness is not an issue in this case?

7.      Do you agree that Plaintiff's retaliation causes of action can still survive even if the Court were to grant summary judgment as to both discrimination claims?

**United States District Court**
For the Northern District of California

2

8.    What evidence in the record indicates that carrying a firearm is an essential function of being an ATF special agent?

**IT IS SO ORDERED.**

Dated:   09/05/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3