UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT A. CEFALU,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC H. HOLDER, JR., U.S. Attorney General, U.S. Department of Justice,<br><br>    Defendant. | NO. C12-0303 TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION** |

This matter comes before the Court on Plaintiff Vincent Cefalu's ("Plaintiff") motion for reconsideration of the Court's September 23, 2013 order granting in part and denying in part Defendant Eric H. Holder's ("Defendant") motion for summary judgment ("Sept. 23 Order"). Docket No. 135. The Court previously granted Plaintiff's motion for leave to file a motion for reconsideration and ordered supplemental briefing. Docket No. 145. Having considered the parties' written arguments, the Court GRANTS IN PART and DENIES IN PART the motion for reconsideration for the reasons set forth below.

Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Plaintiff moves for reconsideration under Civil Local Rule 7-9(b)(3), and contends that the September 23 Order evinces a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" partial entry of summary judgment against Plaintiff.

The parties are familiar with the facts and procedural history, so the Court does not repeat them here. *See* Sept. 23 Order; *Cefalu v. Holder*, No. C12-0303 TEH, 2013 WL 5315079 (N.D. Cal. Sept. 23, 2013). Plaintiff contends that he presents two "dispositive" legal arguments and one dispositive factual argument on reconsideration. Plaintiff argues that: (1) the Court erred in applying the burden-shifting framework from *McDonnell*

*Douglas Corporation v. Green*, 411 U.S. 792 (1973), to certain of Plaintiff's claims; (2) the Court failed to analyze Plaintiff's claim for intentional defacement of his badges under the "materially adverse to a reasonable employee or job applicant standard" articulated in *Burlington Northern & Santa Fe Railway Company v. White*, 548 U.S. 53 (2006); and (3) the Court considered only whether defacement of the badges might be materially adverse to a reasonable employee generally, and not specifically to a "reasonable ATF employee." Reconsid. Br. at 3-5, Docket No. 146-1.

**DISCUSSION**

Plaintiff argues on reconsideration that the Court inappropriately applied the *McDonnell Douglas* burden-shifting analysis to some of his employment retaliation claims instead of allowing Plaintiff to "simply produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated [the employer]." *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007) (citing *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (citation and internal quotation marks omitted)).  Plaintiff requested that the Court analyze only three retaliation claims under this alternative framework: Plaintiff's January 2006 transfer to Sacramento, California; a January 2007 incident in which Plaintiff's supervisor contemplated transferring Plaintiff to a supervisor against whom he did not have an Equal Employment Opportunity complaint, but which did not actually occur after Plaintiff requested otherwise; and an incident in which Plaintiff's government-issued badges were damaged.[1]  *See* Opp'n to Summ. J. at 7-13, Docket No. 114.  The Court analyzed these three claims under the *McDonnell Douglas* burden-shifting framework.  The Court denied summary judgment as to the January 2006 transfer because it held that a genuine issue of material fact existed as to whether the

---

[1] Plaintiff does not request reconsideration of the remainder of the retaliation claims, all of which Plaintiff analyzed under the *McDonnell Douglas* framework and for which the Court granted summary judgment to Defendant.  *See* Opp'n to Summ. J. at 13-22; Sept. 23 Order at 19-36.

1   transfer was retaliation for engaging in protected activity a mere several days before. Sept.
2   23 Order at 21-24. The Court, however, granted summary judgment to Defendant on the
3   other two retaliation claims. Sept. 23 Order at 27-29. The Court held that Plaintiff could
4   not state a prima facie case for retaliation[2] because neither damage to government-issued
5   badges nor a transfer that was proposed but never implemented based on Plaintiff's request
6   rose to the level of a materially adverse action that would "dissuade[ ] a reasonable worker
7   from making or supporting a charge of discrimination." *Burlington Northern*, 548 U.S. at
8   68.

9   While the Court did not explicitly cite *Metoyer*, the Court's holding that no
10  actionable retaliatory act occurred necessarily implies a finding that Plaintiff failed to
11  produce direct or circumstantial evidence sufficient to create an inference of retaliation.
12  *Cf.* Reconsid. Br. at 3 (requesting that the Court determine whether Plaintiff presented
13  direct or circumstantial evidence sufficient to create an inference of retaliation). Plaintiff
14  nonetheless argues that because the Court analyzed the January 2007 transfer incident and
15  the damage to the badges within the *McDonnell Douglas* burden-shifting analysis, the
16  Court deprived Plaintiff of a choice in how to defend against summary judgment. *See*
17  Reconsid. Reply at 3, Docket No. 150 (citing *Budnick v. Town of Carefree*, 518 F.3d 1109,
18  1114 (9th Cir. 2008) (citation and internal quotation marks omitted) ("In lieu of satisfying
19  the elements of a prima facie case, a plaintiff may also simply produce direct or
20  circumstantial evidence demonstrating that a discriminatory reason more likely than not
21  motivated the challenged decision.")).

22  The Court now clarifies its September 23 Order. Whether Plaintiff defends against
23  summary judgment via the *McDonnell Douglas* burden-shifting framework or by simply
24  producing direct or circumstantial evidence demonstrating that a discriminatory reason

---

[2] To make out a prima facie retaliation case, Plaintiff had to show that he engaged in protected activity, that he suffered a materially adverse action, and that there was a causal relationship between the two. *Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 422 (9th Cir. 2013).

more likely than not motivated the employer's challenged action, the challenged action must still be one that produces cognizable injury. "The antiretaliation provision protects an individual *not from all retaliation*, but from retaliation that produces an injury or harm." *Burlington Northern*, 548 U.S. at 67 (emphasis added). At issue in the motion for reconsideration are at most two retaliation claims: the January 2007 non-effectuated transfer and defacement of Plaintiff's government-issued badges.

The Court held that the January 2007 non-effectuated transfer did not constitute an adverse action. Sept. 23 Order at 28-29. For the reasons discussed in the September 23 Order, the Court further holds regarding this claim that Plaintiff failed to "produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated [the employer]," *Metoyer*, 504 F.3d at 931, given that the contemplated transfer did not occur because Plaintiff's request not to be transferred was honored. This non-effectuated transfer was not a materially adverse action because it would not have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern*, 528 U.S. at 68. Reconsideration as to this issue is DENIED.

The Court next turns to the issue of Plaintiff's damaged badges. In the September 23 Order, the Court – contrary to Plaintiff's argument – correctly adopted the materially adverse standard as articulated in *Burlington Northern. See* Sept. 23 Order at 20 (stating that "a challenged action is materially adverse when it 'might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"). Under that standard, the Court held that "defacement of an employee's government-issued badges and credentials, which were promptly replaced, is not sufficiently final or lasting *and would not reasonably deter an employee from engaging in protected activity.*" *Id.* at 28 (emphasis added). The Court, accordingly, granted summary judgment on this issue to Defendant.

Plaintiff argues on reconsideration that the Court, in essence, looked at the reasonable employee standard too abstractly because it did not consider evidence which, Plaintiff contends, shows that a reasonable Bureau of Alcohol, Tobacco, and Firearms employee would be dissuaded from engaging in protected activity by intentional damage to

4

1  their badges. Plaintiff correctly observes that the September 23 Order does not reference
2  the testimony of Karen Porciello or Assistant Special Agent in Charge Michael Gleysteen
3  regarding the badges. Karen Porciello speculated that badges have sentimental value to
4  employees. Pl.'s Ex. 14, Nov. 30, 2007 Porciello Dep. at 16:20-24, Docket No. 114-14.
5  ASAC Gleysteen testified that it is significant that a badge is damaged under unknown
6  circumstances because it is government property and that he would prefer to have his
7  original badge upon retirement rather than a replacement if the original had been damaged.
8  Pl.'s Ex. 2, May 10, 2007 Gleysteen Dep. at 160:4-8, 166: 24-167:3, Docket No. 114-2.
9  The Court did not discuss this testimony because it concluded that "defacement of
10 government-issued identification and badges, even if true, would not rise to the level of an
11 adverse employment action [because t]he test for whether a challenged action rises to the
12 level of an adverse employment action is an objective one." Sept. 23 Order at 27-28
13 (citing *Burlington Northern*, 548 U.S. at 68). Plaintiff argues that had the Court
14 considered this evidence, the objective standard would not be whether defacement of the
15 badges would "reasonably deter an employee," but rather, whether damage to the badges
16 would be materially adverse so as to deter a reasonable ATF employee from engaging in
17 protected activity. The Court acknowledges that any given act of retaliation, even under
18 this objective standard, often depends on particular circumstances such that "context
19 matters." *Burlington Northern*, 548 U.S. at 69. On reconsideration, the Court concludes
20 that when construed in a light most favorable to Plaintiff, the testimony of Porciello and
21 ASAC Gleysteen presents a factual question as to whether a reasonable jury could find that
22 defacement of Plaintiff's badges constitutes a materially adverse action, one that could
23 dissuade a reasonable employee in the context of Defendant's position (i.e. an ATF special
24 agent) from making or supporting a charge of discrimination.
25      Under *Metoyer*, Plaintiff has produced "circumstantial evidence demonstrating that
26 a [retaliatory] reason more likely than not motivated [the employer]" with respect to the
27 damage to the badges. 504 F.3d at 931. Thus, in light of this evidence, the issue of
28 whether defacement to the badges could constitute retaliation is not "so one-sided that

[Defendant] must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, the Court DENIES summary judgment with respect to the retaliation claim involving the badges.

**CONCLUSION**

For the reasons discussed above, Plaintiff's motion for reconsideration is GRANTED with respect to summary judgment on Plaintiff's retaliation claim regarding damage to his badges and DENIED in all other respects. The Court amends the September 23 Order in so far as it DENIES summary judgment with respect to the retaliation claim involving the badges.

In addition, the Court understands that Magistrate Judge Maria-Elena James has continued the settlement conference in this case to March 7, 2014, based on her unavailability on the previously set January 10, 2014 date. If the case does not settle at that time, then the parties shall file a supplemental joint case management conference statement proposing trial dates on or before **March 14, 2014**, or, if a further settlement conference is scheduled, within seven days of any further settlement conference that does not result in either a settlement of this case or a further settlement conference.

**IT IS SO ORDERED.**

Dated: 12/18/13

THELTON E. HENDERSON
United States District Judge