UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT A. CEFALU,<br><br>        Plaintiff,<br><br>    v.<br><br>ERIC H. HOLDER,<br><br>        Defendant. | Case No. 12-cv-00303-JD<br><br>**FINAL PRE-TRIAL ORDER NO. 2 RE MOTIONS IN LIMINE, WITNESSES AND EXHIBITS**<br><br>Re: Dkt. Nos. 193, 196-98, 200, 220-22 |

This order states the Court's rulings on the parties' motions in limine, and witnesses and exhibits for the jury trial scheduled for October 6, 2014.

**I. MOTIONS IN LIMINE**

As the Court advised the parties at the pretrial conference on September 24, 2014, the jury trial will focus on a single issue: was the alleged damage done to Mr. Cefalu's badges a materially adverse action done in retaliation for Mr. Cefalu's complaints to the EEO? The parties agree that there is no disputed fact as to the first element of plaintiff's retaliation claim, *i.e.*, that plaintiff engaged in a protected activity. The jury will be so informed, and they will be completely blind to the reasons why Mr. Cefalu went to the EEO.

In response to the conference, the plaintiff has advised the Court that only five of its motions in limine remain at issue: Dkt. Nos. 193, 196, 197, 198, and 200. *See* Dkt. No. 223.

The motions at Dkt. Nos. 193, 196, and 197 are conditionally granted. This ruling will be revisited if plaintiff puts his professionalism and competence at issue during trial. If plaintiff for some reason chooses to do that, the Court will permit defendant to introduce some or all of the currently excluded evidence, depending on the circumstances.

The motion at Dkt. No. 198 is granted to the extent defendant seeks to introduce Dr. Lipian's report and exhibits into evidence for the truth of assertions therein. However, the report

and exhibits may be used for impeachment purposes, and this ruling may be revisited with respect to individual exhibits at trial based on what plaintiff chooses to put in issue.

With respect to the motion at Dkt. No. 200, plaintiff has stated that only Exhibit 117 remains at issue. However, plaintiff has not provided enough information for the Court to understand which of the exhibits discussed in the motion in limine -- which uses a numbering scheme different from the joint exhibit list -- corresponds to Exhibit 117. The motion is denied on that basis.

Defendant has filed a new motion in limine at Exhibit 220 seeking to exclude four witnesses that plaintiff has newly added to his exhibit list: an unnamed "Potential Expert Witness Re Valuation," Jay Dobyns, Darren Gil, and Chris Traynor. The unnamed expert was not identified forty-five or more days before the pretrial conference, as required by the pretrial preparation order in this case. Dkt. No. 69 at 2. If a party violates Rule 26(a)'s requirement that experts be timely disclosed, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ Pro. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-07 (9th Cir. 2001) (upholding district court's decision to exclude belatedly-disclosed expert testimony). Plaintiff's failure to identify a valuation expert earlier is neither substantially justified nor harmless. It is not substantially justified because, contrary to recent protestations, plaintiff should have known that he would have to "establish a means of determining the valuation" of his badges without a reminder from the Court. *See Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 824 (quoting *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931)) ("Although compensatory damages need not be determined with certainty, they may not be based upon 'mere speculation or guess.'"). Plaintiff cannot seriously contend that this outcome is in any way a surprise. And the fact that the disclosure of a new -- and completely unidentified -- expert witness a few days before trial is not harmless requires no citation. The three other witnesses will also be excluded: plaintiff has not disclosed them as experts, and the value of ATF badges -- whether to Mr. Cefalu himself or to a typical agent -- is not a subject for lay testimony.

2

## II. EXHIBIT LIST

The Court strikes the joint exhibit list filed at Dkt. No. 222.  It is not apparent from the list which party is offering which exhibit -- a necessary predicate to ruling on the objections.  The parties are ordered to submit a clearer list of exhibits by October 3, 2014, at noon.

## III. WITNESSES

The Court will reserve rulings on objections to witnesses until trial, apart from witnesses excluded by a granted motion in limine.

**IT IS SO ORDERED**.

Dated:  October 2, 2014

_____
JAMES DONATO
United States District Judge